IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JARED LOUIS KNIGHTON, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. SA-14-CV-718-XR |
| | § | |
| AVERY LAWRENCE, | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

**ORDER**

On this date, the Court considered Plaintiff's Motion to Exclude Defendant's Expert Witnesses. Docket no. 41. Plaintiff moves to strike Defendant Lawrence's designation of twenty-nine "non-retained experts/medical service providers" employed by University Health System for failure to comply with Federal Rule of Civil Procedure 26(a)(2)(C). After careful consideration, the Court will grant Plaintiff's Motion to Exclude.

**FACTUAL SUMMARY**

Plaintiff Knighton was in the custody and detention of the Bexar County Sheriff's Office at the time of the incident that forms the basis of his lawsuit. Docket no. 35 at 2. Plaintiff alleges that in February 2014, Defendant Lawrence, an officer at the Bexar County Sheriff's Office, was picking up trays when the Plaintiff asked for a sergeant because his food was rotten. *Id.* Plaintiff alleges that Lawrence then entered Plaintiff's cell and assaulted him. *Id.* Plaintiff alleges that he attempted to defend himself, but then submitted and laid prostrate with his hands behind his back, but Lawrence kicked Plaintiff in the head above the right eyebrow. *Id.* Plaintiff

alleges that, as a result of the assault, he had to be taken to University Hospital, and the assault resulted in long-term mental damage. *Id.*

Defendant Lawrence admits that he entered Plaintiff's cell to retrieve the tray from Plaintiff. Docket no. 36 at 2. However, he disputes Plaintiff's allegations concerning what transpired, alleging that Plaintiff became combative and aggressive and refused to give up the tray. *Id.* Additionally, Lawrence alleges that Plaintiff attempted to strike him with his closed fist, so in an act of self-defense and in an attempt to maintain control, Lawrence punched Plaintiff in the face. *Id.* Defendant alleges that Plaintiff sustained a laceration above his right eyebrow requiring pain medication and a liquid stitch, but denies that any other treatment or medical condition sustained by Plaintiff resulted from any act attributable to Defendant Lawrence. *Id.*

## PROCEDURAL SUMMARY

Plaintiff Knighton filed this lawsuit, alleging that (1) Defendant used excessive force and injured Plaintiff in violation of Plaintiff's rights under the Fifth, Eighth, and Fourteenth Amendments (made actionable under 42 U.S.C. § 1983); and (2) Defendant intentionally, knowingly, or recklessly kicked Plaintiff in the head and caused serious bodily injury, committing assault. Docket no. 35 at 3. Defendant Lawrence answered the Complaint, alleging self-defense, qualified and official immunity, and numerous other defenses. Docket no. 36.

On May 5, 2016, the scheduling order deadline for designating testifying expert witnesses, Defendant Lawrence filed a Designation of Expert Witnesses to be used at the trial of this matter. Docket no. 34 at 2; Docket no. 39. Defendant designated twenty-nine "non-retained experts/medical service providers" employed by University Health System. *Id.* Along with a list of the twenty-nine non-retained medical experts' names, Defendant wrote, "The substance of the

medical providers' testimony may be found in the medical records of the Plaintiff at BCSO RECORDS 000353-000344, and BEXARCTY 000001-002574, previously produced in this case." Lawrence did not provide a summary of the facts and opinions to which the witnesses were expected to testify, as required by Federal Rules of Civil Procedure 26(a)(2)(C). *Id.*

Plaintiff Knighton filed this Motion to Exclude Defendant Lawrence's Expert Witnesses on July 6, 2016. Docket no. 41. Plaintiff Knighton states that Defendant Lawrence did not provide a summary of facts and opinions and, therefore, Defendant Lawrence's expert witnesses should be excluded from testifying at trial. *Id.* at 2. Defendant Lawrence did not provide any subsequent documents and did not file a response to Plaintiff's motion. Although the failure to respond allows this Court to treat the motion as unopposed under the Local Rules, this Court will independently examine the merits of the motion.

## LEGAL ANALYSIS

The Federal Rules of Civil Procedure govern the disclosure requirements of retained and non-retained expert testimony. Fed. R. Civ. P. 26(a)(2). Although non-retained expert witnesses do not need to file a report under Rule 26(a)(2)(B), the party designating the non-retained witnesses must disclose "(i) the subject matter on which the expert is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(i)-(ii). Although treating physicians have generally been exempt from Rule 26's written report requirement, the 2010 Advisory Committee Notes specifically address the application of Rule 26(a)(2)(C) to treating physicians, stating:

> A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705. Frequent examples include physicians or other health care professionals and employees of a party who do not regularly provide expert

>testimony. Parties must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C). The (a)(2)(C) disclosure obligation does not include facts unrelated to the expert opinions the witness will present.

These disclosures must be made by the time designated in the Court's scheduling order.  Fed. R. Civ. P. 26(a)(2)(D).

Federal courts have held that a "summary of opinions" under Federal Rules of Civil Procedure 26(a)(2)(C) means "a brief account of the main opinions of the expert, and that the opinions must state a view or judgment regarding a matter that affects the outcome of the case." *Tolan v. Cotton*, No. H-09-1324, 2015 U.S. Dist., 2015 WL 5332171, at *6 (S.D. Tex. Sept. 14, 2015).  "Similarly, it does not suffice to reference large bodies of material sources of facts without stating a brief account of the main points from those large bodies on which the expert relies." *Id.*  Although the Fifth Circuit has not addressed the issue of the sufficiency of medical records as "summary of opinions" under Rule 26(a)(2)(C), several courts have "rejected the notion that a disclosure solely of medical records is sufficient as a summary of the facts and opinions to which the witness is expected to testify." *Williams v. Louisiana*, No. 14-00154, 2015 WL 5438596, at *3 (M.D. La. Sept. 14, 2015) (and listing cases).

Had Lawrence designated only a few witnesses and/or accompanying medical records from which the expert opinions and their factual bases could be easily derived, the Court might find the disclosure sufficient.  However, Lawrence lists twenty-nine medical service providers and references over 2500 pages of accompanying medical records from which their expert opinions must be divined.  Docket no. 39.  Defendant's reference to the medical records is not sufficient to meet the requirements of a "summary of the facts and opinions," as required by Rule 26(a)(2)(C), and thus the designations are not considered timely made under the scheduling order deadline.

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or that witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). When evaluating whether a Rule 26 violation is substantially justified or harmless, the Court looks to four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose. *E.g., Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003).

Defendant Lawrence designated twenty-nine medical service providers as testifying experts without a summary of their opinions. Presumably, the main purpose of designating these providers is to obtain their expert medical opinions concerning the cause and extent of Plaintiff's injuries. This is important evidence for the defense. However, the importance of the evidence is outweighed by the potential prejudice to Plaintiff and the lack of any explanation for the inadequate disclosure.

The purpose of requiring a "summary of the facts and opinions" is to permit the opposing party to prepare an effective cross-examination. *Hoover v. United States Dep't of the Interior*, 611 F.2d 1132, 1142 (5th Cir. 1980). Defendant's failure will prejudice and unduly burden Plaintiff's preparation of the case. To determine the potential opinions and underlying facts for each of the twenty-nine medical providers, Plaintiff will have to comb through over 2500 pages of medical records and/or depose each witness to obtain the relevant information before proceeding with trial. A continuance will only further delay this case, which has been pending for over two years. Finally, Defendant Lawrence has not given a reason for his deficient

designation, nor has he responded to Plaintiff Knighton's Motion to Exclude. Accordingly, the Court will grant the motion to exclude.

## CONCLUSION

In light of the foregoing, Plaintiff's Motion to Exclude Defendant Lawrence's Expert Witnesses (docket no. 41) is GRANTED. The twenty-nine "non-retained experts/medical service providers" designated by Lawrence in docket no. 39 are precluded from offering expert testimony.

It is so ORDERED.

Signed this 9th day of August, 2016.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE